LIDA A. ENDICOTT, EXECUTRIX, ETC., PLAINTIFF, v. HARRY GARFINKEL ET AL., DEFENDANTS.

Argued October 2, 1929—Decided October 14, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff, *Burton A. Gaskill.*

For the defendants, *Cole & Cole.*

PER CURIAM.

This suit was brought to recover damages under the Death act. The trial resulted in a verdict for the plaintiff for $20,000 against the defendants Harry Garfinkel and Milton Garfinkel and a verdict in favor of the defendant Timothy Cordery on the counter-claim for $200. The Garfinkels obtained a rule to show cause from the trial court. The defendants write down eight reasons for a new trial. They

do not call for any extended or elaborate discussion. The facts shortly summarized out of which the cause of action arose are these: Thomas D. Endicott, the plaintiff's testate, at or about seven forty-five A. M. of May 14th, 1928, was riding as an invited guest in the Ford automobile of Timothy Cordery. Mr. Cordery was driving his automobile on the paved portion of the Absecon Boulevard, a public highway, going in a general easterly direction on the boulevard, in Atlantic City. At the same time, a Chevrolet automobile, owned by the defendant Harry Garfinkel, and driven by Milton Garfinkel, was being operated on Indiana avenue in a general northwesterly direction toward the Absecon Boulevard. A collision occurred between the two automobiles causing the death of Thomas D. Endicott, the plaintiff's testate. Negligence being charged against the defendants.

That the verdict is against the weight of the evidence may be briefly disposed of under the rule stated in 1 *Thomp. Negl.* § 1322; cited with approval in the case of *Fox* v. *Great Atlantic, &c., Tea Co.*, 84 *N. J. L.* 728.

Cases of collision on highways almost invariably involve questions of concurrent negligence on the part of both actors. The verdict, as we read the testimony, is not against the weight of the evidence. The verdict of $20,000 seems to us under the evidence clearly excessive and should be reduced to $15,000.

The deceased was fifty-eight years of age at the time of his death. He became a carpenter at the age of eighteen years, thus having been engaged for forty years in the trade. He was earning $66 per week—according to the American Experience Tables he had an expectancy of fifteen and thirty-nine-one hundredths years. The next of kin consists of the widow, aged fifty-nine, entirely dependent on the deceased; a daughter, Helen Loveland, aged thirty-one, to whom the deceased contributed services in repairing her home without charge; a son, Frank S., aged twenty-nine, to whom the deceased contributed nothing; a daughter, Carrie J., aged twenty-six, who was employed, but to whom the deceased contributed her board and lodging and medical attendance

when necessary; a son, Thomas, Jr., aged nineteen, to whom the deceased contributed board and lodging; and last, Rebecca B., aged seventeen, a high school girl, to whom the deceased contributed a home—both board, lodging and clothing.

None of the other reasons for a new trial call for any discussion. If the plaintiff will accept $15,000 a verdict for that amount may stand and the rule discharged, otherwise the rule will be made absolute.